THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Brynnlin Smith,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>Frank Bisignano<br>Social Security Commissioner,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF COMMISSIONER<br><br>Case No. 2:24-cv-628 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　This matter comes before the court on Plaintiff's Motion for Review of Social Security Agency Action.[1] Plaintiff Brynnlin Smith asserts the Administrative Law Judge (ALJ) erred in evaluating whether her migraines medically equaled a listed impairment and asks the court to remand her claim back to the Social Security Administration. After reviewing the parties' memoranda, the case record, and relevant law, the court concludes the Commissioner's decision is supported by substantial evidence. Accordingly, for the reasons set forth herein, the court AFFIRMS the decision of the Commissioner and DENIES Plaintiff's Motion for Review of Social Security Agency Action.

## BACKGROUND

　　　　Smith applied for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Plaintiff alleges disability on March 13, 2020, due to several impairments including severe migraines, executive dysfunction disorder, autism, anxiety, irritable bowel syndrome, asthma, and allergies.[2] Following a hearing, an ALJ denied Smith's

---

[1] ECF No. 15.

[2] AR 224. The Administrative Record before the court is designated AR throughout this decision.

application. In following the five-step sequential evaluation process for disability claims,[3] the ALJ found Plaintiff had the following severe impairments: gastroesophageal reflux disease; celiac disease; migraines; attention deficit hyperactivity disorder; generalized anxiety disorder; and autism.[4] At step three, the ALJ found that none of Plaintiff's severe impairments met or medically equaled a listed impairment.[5]

Next, after considering the entire record, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found Plaintiff had the RFC to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except never climb ladders, ropes, or scaffolds; limited to occupations requiring a noise intensity level of moderately loud; no exposure to moving mechanical parts; no operating a motor vehicle; no exposure to unprotected heights; limited to occupations requiring only occasional near acuity; able to perform routine and repetitive tasks; only occasional interaction with public, co-workers, and supervisors.[6]

At step four, the ALJ found this RFC precluded Plaintiff from performing any past relevant work as a pharmacy technician, or an office clerk. Finally at step five, the ALJ found Smith capable of performing other work existing in significant numbers in the national economy. Therefore, Plaintiff was not disabled under the Social Security Act.

---

[3] The Tenth Circuit has described the five-step evaluation process as follows:

> Step one requires the agency to determine whether a claimant is presently engaged in substantial gainful activity. If not, the agency proceeds to consider, at step two, whether a claimant has a medically severe impairment or impairments. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

*Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citation modified).

[4] AR 19.

[5] *See* 20 C.F.R. part 404, Subpart P, Appendix I.

[6] AR 23.

2

## LEGAL STANDARD

Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code provide for judicial review of the Commissioner's final decision. Judicial review "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."[7] "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is ground for reversal."[8]

An ALJ's factual findings are "conclusive if supported by substantial evidence."[9] The threshold for evidentiary sufficiency under the substantial evidence standard is "not high."[10] Substantial evidence is "more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[12] Under this standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ.[13]

---

[7] *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (quotation and citation omitted).

[8] *Jensen v. Barnhart,* 436 F.3d 1163, 1165 (10th Cir. 2005).

[9] *Biestek v. Berryhill,* 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504, 2019 U.S. LEXIS 2480 (2019).

[10] *Id*. at 1154.

[11] *Noreja,* 952 F.3d at 1178 (quoting *Grogan v. Barnhart,* 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek* 139 S. Ct. at 1154.

[12] *Lax v. Astrue,* 489 F. 3d 1080, 1084 (10th Cir. 2007) (internal quotation marks omitted).

[13] *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

## ANALYSIS

Plaintiff alleges the ALJ failed to follow the appropriate rulings and properly evaluate her headaches at step three of the sequential evaluation process. At step three of the sequential evaluation process, an ALJ is tasked with determining whether a claimant's impairments or combination of impairments meets or equals a listing.[14] The listings encompass medical conditions that are so debilitating they warrant a finding of per se disability without consideration of the claimant's RFC or the ability to perform past or other work.[15] A claimant will only be found per se disabled if she shows that an impairment, or combination of impairments, meets or equals all of the listing's requirements.[16] "For a claimant to show that his impairment matches a listing, it *must meet all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severe, does not qualify."[17]

There is no specific listing for headaches, but Social Security Regulation 19-4 provides that the agency may "find that a primary headache disorder, alone or in combination with another impairment(s), medically equals a listing."[18] In cases where migraines or migraine related symptoms are alleged, "consistency and supportability between the reported symptoms and the

---

[14] 20 C.F. R. 404.1520(d). The listings are defined in the first appendix of the Social Security regulations. See 20 C.F.R. Pt. 404, Subpt. P., App'x 1 §§ 1.00 et seq

[15] *See Sullivan v. Zebley,* 493 U.S. 521, 534, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); *Lance Alan M. v. Kijakazi,* 2021 U.S. Dist. LEXIS 236560 at *9 (D. Kan. Dec. 10, 2021) ("The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity not just 'substantial gainful activity.'") (citation and internal quotation omitted) (emphasis in original).

[16] 20 C.F.R. §§ 404.1525; 404.1526(b)(2)-(3).

[17] *Zebley,* 493 U.S. at 530.

[18] SSR 19-4p; 2019 SSR LEXIS 6 at *16 ("Primary headache disorder is not a listed impairment in the [listings]").

objective medical evidence is key in assessing the RFC."[19] "Epilepsy (Listing 11.02) is the most closely analogous listed impairment for a [Medically Determinable Impairment] of a primary headache disorder."[20] An individual with primary headache disorder could meet the signs and limitations detailed in Listing 11.02, although it would be "uncommon."[21]

Here, the ALJ did not specifically mention considering Listing 11.02. However, the ALJ did specifically consider the record which "reflects a history of migraine headaches."[22] The ALJ considered a "primary headache disorder under Social Security Ruling 19-4p."[23] The ALJ noted the lack of a prior administrative medical finding supporting medical equivalence under SSR 17-2p noting the record simply lacked the needed evidence to find medical equivalence for Plaintiff's headaches.[24]

Plaintiff fails to cite to any evidence in the record that supports medical equivalence and instead focuses on the ALJ not specifically mentioning Listing 11.02. The problem, however, is specifically mentioning Listing 11.02 is not required. In another case this court considered a similar argument and rejected it. The court found:

> In this case, the record is bereft of the evidence required to find medical equivalence. The ALJ properly determined that Plaintiff's impairments did not medically equal listing 1.18 because "[n]o acceptable medical source has opined that [Plaintiff] has equaled any applicable medical listing," as required by SSR 17-2p. If an ALJ finds that a claimant's impairments do not medically equal a

---

[19] *Id.* at *19.

[20] *Id.* at *16.

[21] *Id.*

[22] AR 21.

[23] *Id. See* 2019 WL 4169635, Evaluating Cases Involving Primary Headache Disorder.

[24] SSR 17-2p sets forth the review process to make findings about medical equivalence.

listing, the ALJ need only provide a statement to that effect; no further articulation is required.[25]

In reaching this finding the court reasoned "'[i]t is Plaintiff's burden to point to specific medical evidence definitively establishing that [his] impairments met or medically equaled a listing.'"[26]

This reasoning is equally applicable here. Plaintiff fails to cite any specific medical evidence definitively establishing her impairments met or medically equaled a listing. And the ALJ here provided a statement finding Plaintiff's impairments did not medically equal a listing. That is enough.

Smith's reliance on *Clifton v. Chater*,[27] for the proposition that the ALJ failed to sufficiently articulate her findings regarding medical equivalence is unavailing. In Clifton, the Tenth Circuit remanded because "the ALJ did not discuss the evidence or his reasons for determining that appellant was not disabled at step three, or even identify the relevant Listing or Listings; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment.[28] In contrast, the ALJ here explained her basis for finding that Plaintiff's headaches did not equal a listing, to wit, the record did not contain evidence required by SSR 17-2p. That is not a "bare conclusion"[29] beyond meaningful judicial review given the context in which the ALJ made that finding. In essence, Plaintiff fails to point to any evidence

---

[25] *Ronald G. v. Kijakazi*, No. 2:22-cv-0605-DAK-JCB, 2023 WL 3984952, at *5 (D. Utah May 3, 2023), report and recommendation adopted sub nom. *Grover v. Kijakazi*, No. 2:22-CV-605-DAK-JCB, 2023 WL 3981601 (D. Utah June 13, 2023).

[26] *Id.* (quoting *Brandee C. v. Kijakazi*, No. 1:20-cv-00129-CMR, 2022 WL 875942, at *2 (D. Utah Mar. 23, 2022)).

[27] 79 F.3d 1007 (10th Cir. 1996).

[28] *Id.* at 1009.

[29] *Id.*

that was overlooked or disregarded by the ALJ, instead arguing the ALJ should have reached a different conclusion. This, however, is not an appropriate ground for remand.[30]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Review of Social Security Agency Action is DENIED[31] and the Commissioner's decision is AFFIRMED.

DATED this 23 June 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[30] *See Lax,* 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.") (internal quotation marks and citation omitted).

[31] ECF No. 15.